UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LYNETTE SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO. 3:10-CV-325 |
| vs. ) | |
| ) | |
| LaPORTE REGIONAL HEALTH SYSTEMS, ) | |
| ) | |
| Defendant. ) | |

## OPINION and ORDER

*Pro se* Plaintiff Lynette Smith alleges she was subject to race-based discrimination in violation of Title VII by her former employer, LaPorte Regional Health Systems. LaPorte Regional has filed a Motion to Dismiss [DE 4] the complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that it is time-barred. I find that Smith's Complaint was timely filed and thus deny the Motion.

## BACKGROUND

Smith worked as a nurse at LaPorte Regional for nine years and claims that over the course of her employment at the hospital she was subjected to numerous instances of race-based harassment and abuse. [DE 1-1 at 1-6.] According to Smith, she was eventually fired for workplace violence after one of her coworkers "referred to black people as niggers openly at the nurses' station[.]" [*Id*. at 1.] After losing her job, Smith filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). [DE 1 at 2.]

On May 12, 2010, the EEOC mailed Smith a "Dismissal and Notice of Rights," which stated the EEOC was unable to conclude that the information it obtained established a violation

of Title VII. [DE 1-2 at 1.] The notice also informed Smith that any lawsuit filed against LaPorte Regional "must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice." [*Id.*]

Using a fill-in-the-blank Employment Discrimination Complaint form, Smith initiated this case on August 11, 2010. In the blank asking when she *received* the EEOC's "Right to Sue Notice," Smith wrote "May 12, 2010" – the date on which the EEOC form was mailed. [DE 1 at 2.] LaPorte Regional argues that Smith's Complaint must be dismissed because she missed her 90-day window to file the complaint. In other words, according to LaPorte Regional, Smith says she received the notice to sue on May 12, 2010 and then filed her complaint on August 11, 2010 – 91 days later and thus outside the 90-day time limit. For the reasons stated below, I disagree that Smith has missed her 90-day window to file suit.

## **DISCUSSION**

Defendant is correct that Title VII discrimination claims are subject to dismissal on the grounds that the claim is time barred and that the 90-day limit begins to run when the plaintiff or her attorney receives notice from the EEOC of the right to sue. *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 849-50 (7th Cir. 2001). Defendant is also correct that courts have strictly enforced this 90-day limit. *See*, *e.g.*, *Davis v. Browner*, 113 F. Supp. 2d 1223, 1226 (N.D. Ill. 2000) ("The time limit is not flexible, even for pro se litigants, and a one-day delay is fatal.").

It is true that Smith stated in her Complaint that she *received* the EEOC notice on May 12, 2010. But this statement is plainly contradicted by the notice itself, attached as Exhibit 2 to the Complaint, which states that the notice was *mailed* on May 12, 2010. In the context of ruling on a 12(b)(6) motion to dismiss, "[w]here an exhibit and the complaint conflict, the exhibit typically controls." *Forrest v. Universal Savings Bank, F.A.*, 507 F.3d 540, 542 (7th Cir. 2007). "A court is

of Title VII. [DE 1-2 at 1.] The notice also informed Smith that any lawsuit filed against LaPorte Regional "must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice." [*Id.*]

Using a fill-in-the-blank Employment Discrimination Complaint form, Smith initiated this case on August 11, 2010. In the blank asking when she *received* the EEOC's "Right to Sue Notice," Smith wrote "May 12, 2010" – the date on which the EEOC form was mailed. [DE 1 at 2.] LaPorte Regional argues that Smith's Complaint must be dismissed because she missed her 90-day window to file the complaint. In other words, according to LaPorte Regional, Smith says she received the notice to sue on May 12, 2010 and then filed her complaint on August 11, 2010 – 91 days later and thus outside the 90-day time limit. For the reasons stated below, I disagree that Smith has missed her 90-day window to file suit.

## **DISCUSSION**

Defendant is correct that Title VII discrimination claims are subject to dismissal on the grounds that the claim is time barred and that the 90-day limit begins to run when the plaintiff or her attorney receives notice from the EEOC of the right to sue. *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 849-50 (7th Cir. 2001). Defendant is also correct that courts have strictly enforced this 90-day limit. *See*, *e.g.*, *Davis v. Browner*, 113 F. Supp. 2d 1223, 1226 (N.D. Ill. 2000) ("The time limit is not flexible, even for pro se litigants, and a one-day delay is fatal.").

It is true that Smith stated in her Complaint that she *received* the EEOC notice on May 12, 2010. But this statement is plainly contradicted by the notice itself, attached as Exhibit 2 to the Complaint, which states that the notice was *mailed* on May 12, 2010. In the context of ruling on a 12(b)(6) motion to dismiss, "[w]here an exhibit and the complaint conflict, the exhibit typically controls." *Forrest v. Universal Savings Bank, F.A.*, 507 F.3d 540, 542 (7th Cir. 2007). "A court is

not bound by the party's characterization of an exhibit and may independently examine and form its own opinions about the document." *Id.*

The notice itself is thus the controlling document here, and in examining that document it is difficult for me to imagine a scenario in which the notice was both *mailed* and *received* on the very same day (as the text of Smith's Complaint alleges). That analysis, however, still leaves open the threshold question of when Smith actually did receive the notice and thus when her 90-day clock started ticking.

This is far from the first time that the receipt-date of an EEOC notice has been in question, and other courts that have addressed the issue have generally presumed that a plaintiff receives an EEOC notice somewhere between three to seven days after its mailing date. *See*, *e.g.*, *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1123-1125 (9th Cir. 2007) (finding that the date of receipt of an EEOC notice is presumed to be three days after the date of mailing); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) ("When the date on which a right-to-sue letter was actually received is either unknown or disputed, courts have presumed various receipt dates ranging from three to seven days after the letter was mailed.").

It is not uncommon for *pro se* litigants to confuse the date of *receipt* of an EEOC notice with the date of *mailing*. The case of *Adams v. Bridgewater Interiors*, 2007 WL 2984006 (E.D. Mich. Oct. 12, 2007) proves that point. The Court there addressed a near identical set of circumstances as presented here and found that in cases where a *pro se* plaintiff has confused the mailing date with the receipt date, the plaintiff is not to be strictly held to the date she alleged in her complaint. *Id.* at *2.

The same analysis applies here. Both logic and experience dictate that the absolute earliest that Smith could have received a notice mailed on May 12, 2010 would have been one

day later – May 13, 2010.  From that point, Smith had until August 11, 2010 to file her

Complaint – a deadline that she met.

## **CONCLUSION**

For the foregoing reasons, the Motion to Dismiss filed by Defendant LaPorte Regional Health Systems [DE 4] is **DENIED**.

**SO ORDERED**.

ENTERED: October 7, 2010

s/ Philip P. Simon
Philip P. Simon, Chief Judge
United States District Court
